```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
MARTHA CZYMMEK,                                                  :
                                                                 :
                              Plaintiff,                         :
                                                                 :     23-cv-8124 (LJL)
           -v-                                                   :
                                                                 :     OPINION AND ORDER
SCOTT FENSTERMAKER,                                              :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Martha Czymmek ("Czymmek") moves to remand this case to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c) or, in the alternative, to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b), and for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Dkt. No. 15. Defendant Scott Fenstermaker ("Fenstermaker") moves, pursuant to Federal Rule of Civil Procedure 65, for preliminary and permanent injunctive relief. Dkt. Nos. 11–12. For the reasons that follow, Czymmek's motions to remand and for attorneys' fees are granted and the matter is remanded. The motion for injunctive relief is denied.

## BACKGROUND[1]

This unusual case arises from a dispute between brother and sister over the will of their deceased father. Dkt. No. 15-5 at 1. Czymmek is the daughter and Fenstermaker is the son of the decedent Lloyd Fenstermaker (the "Decedent") who passed away on June 11, 2018. *Id.*

---

[1] "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d. Cir. 2008).

Czymmek, the daughter, is the judgment creditor and Fenstermaker, the son, is the judgment debtor of a judgment issued by the Connecticut Superior Court (the "Connecticut Judgment") in the amount of $93,775.77, representing attorneys' fees awarded against Fenstermaker and to Czymmek as a result of litigation initiated by Fenstermaker regarding the settlement of the Decedent's estate. *Id.* at 1, 18; Dkt. No. 15-3.[2] The Connecticut Judgment followed a May 15, 2023, decision by the Connecticut Superior Court on Czymmek's motion for attorneys' fees on May 15, 2023, and ordering Fenstermaker to pay Czymmek attorneys' fees in the amount of $93,775.77. Dkt. No. 15-5. Fenstermaker appealed the Connecticut Judgment and the Superior Court's attorneys' fee award to the Connecticut Appellate Court, but on June 23, 2023, the Connecticut Appellate Court dismissed the appeal. Dkt. No. 15-7. Fenstermaker filed a motion for reconsideration, which was denied by the Connecticut Appellate Court on November 1, 2023. *Id.*

---

[2] In 1997, the Decedent executed a will that provided for his estate to be distributed equally among his three children. Dkt. No. 15-5 at 1. In 2016, after the Decedent and Fenstermarker had a falling out, the Decedent revoked his earlier will, excluded Fenstermarker as a beneficiary in his new will, and named Czymmek as the executrix of the new will. *Id.* Fenstermaker filed an action in the United States District Court for the District of Connecticut against Czymmek and the Decedent seeking to invalidate the new will, but the court granted Czymmek's motion to dismiss and the Decedent's motion for summary judgment in March 2018. *Id.* at 2. After the Decedent passed away, Czymmek filed an affidavit in lieu of administration in the Connecticut Probate Court, which entered final judgment approving settlement of the Decedent's estate on August 27, 2018. *Id.* On July 16, 2019, despite not having objected to or appealed the probate decree, Fenstermaker filed an application in the Connecticut Probate Court to admit the Decedent's 1997 will, which had been revoked by the 2016 will. *Id.* After a hearing the Connecticut Probate Court issued a decree denying admission of the 1997 will into probate. *Id.* On December 3, 2019, Fenstermaker brought an appeal of the Connecticut Probate Court's decree in the Connecticut Superior Court for the Judicial District of Danbury, in which he was positioned as Plaintiff and Czymmek and Decedent were positioned as Defendants. *Id.* On February 25, 2021, the Connecticut Superior Court granted Czymmek's motion for summary judgment, concluding that it lacked subject matter jurisdiction and dismissed the appeal. *Id.* The Connecticut Appellate Court affirmed the dismissal, the Connecticut Supreme Court denied Fenstermaker's petition for a certificate to appeal, and the United States Supreme Court denied Fenstermaker's petition for a writ of certiorari. *Id.*

On August 16, 2023, Czymmek attempted to domesticate the Connecticut Judgment in New York County pursuant to Article 54 of the CPLR.  Dkt. No. 1.  No index number was assigned, however, because Czymmek's filing lacked certain information needed to properly domesticate the Connecticut Judgment.  Dkt. No. 4.  Czymmek initiated a new filing of the Connecticut Judgment in New York County, which was assigned index number 160261/2023 and bears the caption "In Re Docketing of a Foreign Judgment Pursuant to CPLR Article 54 in favor of Martha Czymmek and Against Scott Fenstermaker."  Dkt. No. 15-9.  Notice of the domesticated judgment was delivered to Fenstermaker on October 24, 2023.  *Id.*

Fenstermaker removed the domestication of the Connecticut Judgment to this Court on September 14, 2023,  Dkt. No. 1, and on December 14, 2023, Fenstermaker moved, pursuant to Federal Rule of Civil Procedure 65, for preliminary and permanent injunctions barring the enforcement of the Connecticut Judgment, Dkt. No. 11.  Fenstermaker argues that the Connecticut Superior Court lacked subject matter jurisdiction to award Czymmek attorneys' fees after it had determined that it lacked subject matter jurisdiction to adjudicate the merits of Fenstermaker's appeal from the Probate Court,  Dkt. No. 12 at 7, that the attorneys' fee award is substantively unreasonable, *id.* at 14–15, and that the Connecticut Appellate Court denied him his due process rights by denying his appeal of the Connecticut Judgment without holding a hearing or argument, *id.* at 15.  He argues that if Czymmek is able to enforce the Connecticut Judgment, he will be forced to declare bankruptcy, thereby irrevocably harming his financial status.  *Id.* at 16.

On December 26, 2023, Czymmek moved, pursuant to Federal Rule of Civil Procedure 12(b) and 28 U.S.C. § 1447(c), to dismiss and/or remand this action for several reasons, including that this Court lacks subject matter jurisdiction over this action, and for attorneys' fees.

Dkt. No. 15.  She argues that Fenstermaker's attempted removal of a sister-state judgment to federal court was improper, Dkt. No. 16 at 12–15, and that the Court lacks subject matter jurisdiction over the Connecticut Judgment, and should therefore dismiss it, *id.* at 16–22.  Finally, Czymmek argues that the preliminary and permanent injunctions sought be Fenstermaker are barred by 28 U.S.C. § 2283.  *Id.* at 22–23.

## DISCUSSION

Czymmek moves, pursuant to both 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 12(b), to dismiss and/or remand the instant action, and for attorneys' fees pursuant to 28 U.S.C. § 1447(c).  Dkt. No. 15.

**I.   General Standards**

A motion to remand for lack of subject matter jurisdiction may be brought at any time the action is pending in federal court, pursuant to 28 U.S.C. § 1447(c).  "A party seeking to remove an action from state to federal court bears the burden of establishing federal jurisdiction." *Trs. of Masonic Hall & Asylum Fund v. Pricewaterhousecoopers LLP*, 2009 WL 290543, at *3 (S.D.N.Y. Feb. 6, 2009); *see Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).  Generally, "there is a presumption against removal, and uncertainties tend to weigh in favor of remand." *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019).  "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation and internal quotation marks omitted).  Further, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c); *see also De Masi v. Schumer*, 608 F. Supp. 2d 516, 520 (S.D.N.Y. 2009).  In sum, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as

4

have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009)).

Fed. R. Civ. P. 12(b)(1) permits a party, before answering, to plead that the court lacks subject matter jurisdiction. A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A motion to dismiss for lack of subject matter jurisdiction may 'raise a facial challenge based on the pleadings, or a factual challenge based on extrinsic evidence.'" *U.S. Airlines Pilots Ass'n ex rel. Cleary v. US Airways, Inc.*, 859 F. Supp. 2d 283, 296 (E.D.N.Y. 2012) (quoting *Guadagno v. Wallack Ader Levithan Assocs.*, 932 F. Supp. 94, 95 (S.D.N.Y. 1996)). Where a movant challenges the legal sufficiency of a complaint's allegations, the court must treat all factual allegations as true and draw reasonable inferences in favor of the complaining party. *Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001). Where the jurisdictional challenge is fact-based, however, the movant may "proffer[] evidence beyond the [p]leading," and the party asserting federal jurisdiction "will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). In that case, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," and "the burden is on the

plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." *Guadagno*, 932 F. Supp. at 95.

Generally, *pro se* litigants are entitled to "special solicitude" and accordingly, their papers are "interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). However, Fenstermaker is an attorney who is representing himself in this matter. Thus, he is not entitled to such special solicitude. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

## II.     The Proceeding Must Be Remanded

There is little question that, had Fenstermaker initiated this action by a complaint filed in this Court, the Court would have had to dismiss it under the *Rooker-Feldman* doctrine for lack of jurisdiction. The *Rooker-Feldman* doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine is addressed to claims by parties that have lost in state court and are in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 85 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "Underlying the *Rooker–Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock*, 422 F.3d at 85). The doctrine applies when four elements are met: (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites district court review and rejection of the judgment; and (4) the state court

judgment was rendered before the district court proceedings commenced.  *Id.*  The *Rooker-Feldman* doctrine does not apply "if the plaintiff raises an 'independent claim,' i.e., a claim that is not 'inextricably intertwined' with the state court judgment and does not merely present a legal theory not raised in state court."  *Robinson v. HSBC Mortg. Servs., Inc.*, 2017 WL 50935, at *3 (S.D.N.Y. Feb. 10, 2017) (citing *Hoblock*, 422 F.3d at 85).  Put differently, "the applicability of the *Rooker–Feldman* doctrine turns . . . on the causal relationship between the state-court judgment and the injury of which the party complains in federal court."  *McKithen v. Brown*, 481 F.3d 89, 97–98 (2d Cir. 2007).

All of the elements necessary for the application of the *Rooker-Feldman* doctrine are present here.  Although Fenstermaker has denominated himself a Defendant in the caption of the papers he filed in this Court, he was the plaintiff in the state court action that he lost, and that gave rise to the Connecticut Judgment, thereby satisfying the first element of the test.  The Connecticut Judgment was also rendered on May 15, 2023, prior to the first attempted domestication of the judgment on August 16, 2023, and prior to Fenstermaker's attempt to remove that domestication to this Court on September 14, 2023, thereby satisfying the fourth prong.  The instant action therefore satisfies both procedural elements of the test outlined in *Holbock*.  In removing the domestication of the judgment to federal court, Fenstermaker complains of injuries caused by the state court judgment, thus satisfying the second element.  He asserts that enforcement in New York of the judgment rendered in Connecticut would be unconstitutional and unlawful, and complains that the Connecticut Superior Court lacked subject matter jurisdiction to award Czymmek attorneys' fees, that the decision to award Czymmek attorney's fees without opportunity to appeal deprived him of his Constitutional rights, and that the attorneys' fees award was unreasonable.  Dkt. No. 7 at 1 ("The [Connecticut] Judgment was

7

rendered by a state court lacking in subject matter jurisdiction and in violation of Defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution."); *id.* at 2 ("Defendant's due process rights were violated by the Superior Court as the Defendant was not permitted to have the merits of his case heard in Superior Court and, at the same time, the Superior Court sanctioned him for having a case lacking in merit."); Dkt. No. 12; *see Vossbrink v. Accredited Homes Lenders, Inc.*, 773 F.3d 43, 427 (2d Cir. 2014) (per curiam) (holding that *Rooker-Feldman* applies when the plaintiff is "asking the federal court to determine whether the state judgment was wrongfully issued" and granting the relief requested "would require the federal court to review the state proceedings and determine that the [] judgment was issued in error"); *Hoblock*, 422 F.3d at 88 ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third-party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."); *Brady v. Sheindlin*, 2021 WL 737458, at *3 (S.D.N.Y. Feb. 25, 2021) (applying *Rooker-Feldman* doctrine to suit that was "a naked back-door collateral attack on a state court judgment" and where the state court judgment produced the "very injury" of which the plaintiff complained).

Finally, the third element, that plaintiff invites district court review and rejection of the judgment, is satisfied because Fenstermaker requests that this Court review and reject the Connecticut Judgment. Even if, as a matter of semantics, Fenstermaker does not say that he seeks "review" of the state court judgment, what he does seek is "reversal." *Hoblock*, 422 F.3d at 88. He complains that the state court judgment was granted by a court without jurisdiction, in an amount that was substantively unreasonable, and entered in violation of his due process rights. A ruling for Fenstermaker thus, "if granted, would seem to 'reverse' the state-court judgment,"

8

all the same as the hypothetical in *Holbock*. *Id.* at 87–88. In short, the appropriate avenue for Fenstermaker to complain about the Connecticut Judgment was through an appeal in the Connecticut court system and then to the United States Supreme Court. Fenstermaker availed himself of those avenues and lost. The *Rooker-Feldman* doctrine precludes him from asking the district court to review and reverse the judgment issued by the Connecticut Superior Court.

But Fenstermaker did not initiate this case by the filing of a complaint. He brought the case to the Court through the mechanism of removal. The Court thus turns to the question whether, even if it does not have jurisdiction of the case, the appropriate relief is an order remanding the matter to state court. 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 3739.1 (1969) ("If the federal court lacks subject-matter jurisdiction over an action removed under Section 1441(a) and (b), that court must remand the entire case."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court concludes that this matter was improperly removed and a remand is appropriate here.

Section 1441(a) of Title 28 permits removal only of a "civil action brought in a State court." 28 U.S.C. § 1441(a). "Courts in this Circuit have long held that parties may not remove cases that are ancillary to civil actions brought in state court. To be removable, an action must be independent from the underlying litigation." *Multibank, Inc. v. Access Global Cap. LLC*, 2017 WL 6028535, at *4 (S.D.N.Y. Dec. 4, 2017)); *see also Wimbledon Financing Master Fund, Ltd. v. Sage Grp. Consulting Inc.*, 2017 WL 6034649, at *2 (S.D.N.Y. Nov. 21, 2017); *cf. Fox & Horan v. Beiny*, 1992 WL 168261, at *1 (S.D.N.Y. June 29, 1992) ("[W]here the action sought to be removed first arose as a motion . . . in a related proceeding, rather than as a separate complaint, the party seeking removal must prove the existence of an action separate and

9

independent from the related proceeding."). Put differently, the removal statute permits "removal only of 'independent suits' but not ancillary or 'supplementary' proceedings." *Travelers Property Cas. v. Good*, 689 F.3d 714, 724 (7th Cir. 2012) (quoting *Fed. Sav. & Loan Ins. Corp. v. Quinn*, 419 F.2d 1014, 1018 (7th Cir. 1969)); *see Barrow v. Hunton*, 99 U.S. 80, 83 (1878) (holding that "a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it" is not subject to removal); *Armistead v. C&M Transp., Inc.*, 49 F.3d 43, 46 (1st Cir. 1995) ("[T]he supplementary superior court proceeding does not independently qualify as a removable 'civil action' under 28 U.S.C. § 1441(a)."); *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006) ("Under the general removal statute at 28 U.S.C. § 1441, 'civil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court."); *cf. Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 944 (8th Cir. 2014) (Smith, J., dissenting) ("There is . . . a sensible judge-made limitation—stemming from the civil action requirement—that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim. This restriction, which has been applied in numerous cases for over a century, is premised on the wastefulness of having a satellite element of a case pending in federal court when the principal claims are being litigated in state court. . . . [S]upplemental proceedings that are a mere mode of execution or relief, inseparably connected with an original judgment or decree in a state court proceeding [are] therefore not removable . . . .") (quoting 14B C. Wright & A. Miller, *Federal Practice & Procedure* § 3721 (2014)).

"Whether a particular state judicial procedure qualifies as a separate action is not an all-or-nothing proposition. It depends on the context of each case in which it arises." *Travelers Property Cas.*, 689 F.3d at 724. The Second Circuit noted in *Epperson v. Entertainment Express*

10

*Inc.*, 242 F.3d 100 (2d Cir. 2001), that a distinction exists between "post-judgment proceedings to collect an existing judgment and proceedings . . . that raise an independent controversy with a new party in an effort to shift liability." *Id.* at 106.  The former is not a "civil action" that can be removed; the latter can be removed.  Specifically, courts in this District have held that where an action "is merely one to enforce [a judgment] in the principal suit," the action is "auxiliary and incidental to the main suit."  *Finn v. Rotating Valve Corp.*, 25 F. Supp. 206, 207 (S.D.N.Y. 1938) ("It has been recognized for years that a suit or proceeding which is not an independent and separate litigation but rather a branch or appendage of another suit is not removable to the federal courts unless the primary suit is also removed.").

The proceeding Fenstermaker removed is the paradigmatic supplemental proceeding that is a mere mode of execution or relief and that therefore cannot be removed.  Domestication of a judgment under New York law is the means by which a judgment rendered outside of New York is accorded full faith and credit in New York.  N.Y. C.P.L.R. 5401.  "[T]he purpose of recognizing the judgment is merely to allow the creditor to reach the debtor's assets in New York."  *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 754–55 (S.D.N.Y. 2010).  It is purely ministerial.  *See Abu Dhabi Commercial Bank PJSC v. Saad Trading, Contracting & Fin. Servs. Co.*, 986 N.Y.S.2d 454, 459 (1st Dep't 2014) (describing recognition and enforcement of foreign judgments as a "ministerial" function); *Lenchyshyn v. Pelko Elec.*, 723 N.Y.S.2d 285, 289 (4th Dep't 2001) (same).  The judgment creditor files an authenticated foreign judgment with the county clerk along with "an affidavit stating that the judgment was not obtained by default in appearance or by confession of judgment, that it is unsatisfied in whole or in part, the amount remaining unpaid, and that its enforcement has not been stayed, and setting forth the name and last known address of the judgment debtor." N.Y. C.P.L.R. 5402(a).  Section

11

5402(b) provides that "[t]he clerk shall treat the foreign judgment in the same manner as a judgment of the supreme court of this state" and that "[a] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the supreme court of this state and may be enforced or satisfied in like manner." *Id.* 5402(b).  As such, domestication of the Connecticut Judgment in New York pursuant to the ministerial nature of C.P.L.R. Article 54 did not implicate new parties, involve new facts, or raise new legal issues that warrant treatment of the proceeding as a new case.

If the domestication of a foreign judgment were removable, then, as a practical matter, the federal courts "would become invested with power to control the proceedings in the State courts, or would have appellate jurisdiction over them in all cases where the parties are citizens of different States." *Barrow*, 99 U.S. at 83.  The federal district courts and not the state courts would sit—as Fenstermaker asks this Court to do—to consider "a mere revision of errors and irregularities, or of the legality and correctness of the judgments and decrees of the State courts." *Id.*  The proceeding thus is not removable.

### III.   Czymmek Is Entitled to Attorneys' Fees

28 U.S.C. § 1447(c) provides: "An order remanding the case may require payment of just costs and actual expenses, including attorneys fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Invoking this provision, Czymmek seeks an award of attorneys' fees and costs.  Dkt. No. 15.  Even where a district court grants a motion to remand, it "retains jurisdiction over the fee application under 28 U.S.C. § 1447(c)."  *Gondolfo v. Town of Carmel*, 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022); *see also Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) ("[W]e hold that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued.").

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court explained the standards that district courts should apply to determine whether to exercise their discretion to award costs and expenses. It held that Section 1447(c) does not create an automatic right to fees and costs for a prevailing party, or even a presumption that such fees and costs should be awarded when a motion to remand is granted. *See id.* at 137. Instead, "the removal statute grants defendants a right to a federal forum. A remand is necessary if a defendant improperly asserts this right, but incorrectly invoking a federal right is not comparable to violating substantive law." *Id.* Even so, a court is not limited to awarding fees and costs only when the removal is "frivolous, unreasonable, or without foundation." *Id.* at 138–39. Rather, the Supreme Court has instructed that courts should be guided by the "large objectives" of the removal statute. *Id.* at 139–40, 141 (quoting *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 759 (1989)). "The appropriate test for awarding fees under 1447(c) should recognize the desire to deter removals sought for purposes of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. As such, "[a]bsent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Applying those standards, the Court exercises its discretion to award attorneys' fees and costs in this instance. Fenstermaker's attempt to remove this action to federal court constitutes a frivolous attempt to escape enforcement of a judgment entered against him. Further, the arguments raised by Fenstermaker on removal are an effort to delay execution of the judgment and force Czymmek to incur unnecessary expenses. *See Qatar v. First Abu Dhabi Bank PJSC*, 2020 WL 206661, at *13 (S.D.N.Y. Jan. 14, 2020); *Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005). In awarding fees, the Connecticut Superior

Court concluded from Fenstermaker's "subjective intent in pursuing multiple levels of litigation that the action was brought in bad faith as the plaintiff petitioned to have a will, namely the 1997 will, admitted into probate with the full and detailed knowledge that the 1997 will and its two codicils had been revoked by the 2016 will." Dkt. No. 15-5 at 15. The Connecticut Superior Court stated that, "[i]t is clear to this court that [Fenstermaker] has acted in bad faith in continuing this action and that his purpose in doing so was to harass [Czymmek] and to cause her to incur expense in defending against [Fenstermaker's] allegations." *Id.*

       This Court concurs. Fenstermaker initiated the sustained and protracted legal proceedings that have now arrived at this Court nearly five years ago when he filed an application with the Connecticut probate court to admit the Decedent's previously revoked 1997 will. *Id.* at 2. Fenstermaker then, purporting to appeal the probate court's decision to deny admission of the 1997 will, took the dispute to the Connecticut Superior Court, where his action was dismissed. *Id.* at 2–3. Fenstermaker appealed that dismissal to the Connecticut Appellate Court, which affirmed the dismissal. *Id.* at 3. After the Connecticut Superior Court denied Fenstermaker's petition for certification to appeal the dismissal, Fenstermaker filed a petition for writ of certiorari in the United States Supreme Court. *Id.* That petition was also denied. *Id.* Czymmek then made a renewed motion for attorneys' fees in the Connecticut Superior Court. Fenstermaker had the opportunity to make, and did make, to the Connecticut courts the same arguments he now makes to this Court—namely that the Connecticut court was without power to award attorneys' fees against him. He lost. He then appealed the Connecticut Superior Court's decision awarding attorneys' fees to the Connecticut Appellate Court, which denied his appeal. The only purpose of his removal notice, predicated on the same arguments that have been

14

rejected by multiple courts, could have been to forestall Cyzmmek and to delay the day of reckoning when he would have to make good on the Connecticut Judgment.

## CONCLUSION

Czymmek's motion to remand enforcement of the Connecticut Judgment is GRANTED, and her motion for attorneys' fees is GRANTED. Czymmek's motion to dismiss is DENIED as moot. Fenstermaker's motion for preliminary and permanent injunctions is DENIED as moot. Czymmek is directed to submit a request for attorneys' fees and costs.

Removal of this action is improper, and it is remanded under 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to close Dkt. Nos. 11, 12 and 15, to REMAND this action to the Supreme Court of the State of New York, New York County, and to send a copy of this Order to that court. The Clerk of Court is further instructed to keep this action open on the docket until judgment granting attorneys' fees is entered.

SO ORDERED.

Dated: January 23, 2024
      New York, New York

                                           LEWIS J. LIMAN
                                       United States District Judge