```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MARTHA CZYMMEK,                                                        :
                                                                       :
                                     Plaintiff,                        :
                                                                       :         23-cv-8124 (LJL)
                       -v-                                             :
                                                                       :         MEMORANDUM AND
SCOTT FENSTERMAKER,                                                    :              ORDER
                                                                       :
                                     Defendant.                        :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/26/2024

LEWIS J. LIMAN, United States District Judge:

  Plaintiff Martha Czymmek ("Czymmek") moves for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Dkt. No. 18. For the reasons that follow, the Court grants Czymmek attorneys' fees in the amount of $13,685.00, along with post-judgment interest at the statutory rate.

## BACKGROUND

  The Court assumes familiarity with the facts of this case from the Court's previous Opinion and Order dated January 23, 2024. Dkt. No. 17.

  This case arises from a dispute between a brother and sister over the will of their deceased father. Dkt. No. 15-5 at 1. Czymmek is the judgment creditor and Defendant Scott Fenstermaker ("Fenstermaker") is the judgment debtor of a judgment issued by the Connecticut Superior Court (the "Connecticut Judgment") in the amount of $93,775.77, representing attorneys' fees awarded against Fenstermaker and to Czymmek arising out of litigation initiated by Fenstermaker regarding their father's estate. *Id.* at 1, 18; Dkt. No. 15-3. Pursuant to Article 54 of the CPLR, Czymmek attempted to domesticate the Connecticut Judgment in New York County on August 16, 2023. Dkt. No. 1. The action was not assigned an index number, however, because Czymmek's filing lacked certain information required to properly domesticate

the Connecticut Judgment. Dkt. No. 4. Czymmek initiated a new filing, which was assigned index number 160261/2023 and bears the caption "In Re Docketing of a Foreign Judgment Pursuant to CPLR Article 54 in favor of Martha Czymmek and Against Scott Fenstermaker." Dkt. No. 15-9. Notice of the domesticated judgment was delivered to Fenstermaker on October 24, 2023. *Id.* On September 14, 2023, Fenstermaker removed the domestication action to this Court, Dkt. No. 1, and on December 14, 2023, Fenstermaker moved for preliminary and permanent injunctions barring the enforcement of the Connecticut Judgment pursuant to Federal Rule of Civil Procedure 65, Dkt. No. 11. On December 26, 2023, Czymmek moved, pursuant to Federal Rule of Civil Procedure 12(b) and 28 U.S.C. § 1447(c), to dismiss and/or remand the action, and for attorneys' fees. Dkt. No. 15.

In the Opinion and Order dated January 23, 2024, the Court granted Czymmek's motion to remand, and remanded the action to the Supreme Court of the State of New York, New York County. Dkt. No. 17. The Court also held that Czymmek is entitled to attorneys' fees and costs and retained jurisdiction for the purpose of entering judgment accordingly. *Id.* at 12–15. Because Czymmek had not submitted a request for a specific sum of fees and costs, the Court directed Czymmek to make such an application. *Id.* at 15. On January 25, 2025, Czymmek moved for attorneys' fees in accordance with the Court's Opinion and Order. Dkt. No. 18. Fenstermaker did not submit any opposition to the motion.

## DISCUSSION

Czymmek seeks attorneys' fees of $17,935.00, along with post-judgment interest at the legal rate of nine percent. Dkt. No. 18. Section 1447(c) provides: "An order remanding the case may require payment of just costs and actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

As a general matter, the "starting point" and "lodestar" in analyzing whether claimed attorneys' fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable, and must provide a court with sufficient information to assess the fee application. *See, e.g.*, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011). This approach is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original).

A court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court may reduce the requested rate. *See Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). A reasonable hourly rate is one "in line with . . . prevailing [rates]" in the district where the court sits "for similar services by lawyers of reasonably comparable skill, expertise and reputation." *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Courts also "look to the area of legal practice at issue," because "legal markets are today so interconnected that it is no longer meaningful, in assessing a reasonable rate, to look at geographic location alone." *J.G. v. N.Y.C. Dep't of Educ.*, 2024 WL 728626, at *3 (S.D.N.Y. Feb. 22, 2024). In setting a reasonable hourly rate, the court should consider, *inter alia*, the "*Johnson* factors" enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989). *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009) (citing *Arbor Hill*, 522 F.3d at 187).[1] In determining what a reasonable client would be willing to pay, the Second Circuit in *Arbor Hill* specifically instructs courts to:

> [C]onsider factors including, but not limited to the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

522 F.3d at 184.

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. In this process, the court has discretion to

---

[1] The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. A district court need not, however, recite and make specific findings as to all twelve *Johnson* factors, provided it takes each into account. *Lochren v. County of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (summary order).

disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The Court has reviewed the submissions of Czymmek's counsel documenting the hours worked and the activities performed in support of this action. Dkt. No. 18. Here, all of the legal work performed in this action, which was initiated in late 2023, on behalf of Czymmek was performed by Carole E. Bernstein. *Id.* ¶ 9. Ms. Bernstein is admitted to practice in the Southern District of New York and has more than thirty-five years of experience in the legal field. *Id.* ¶¶ 3–4. Ms. Bernstein has extensive experience in commercial litigation, has served for many years as an arbitrator for the Financial Industry Regulatory Authority ("FINRA"), and has served for just over two years as a part-time magistrate judge for the Superior Court of the State of Connecticut. *Id.* ¶¶ 7–8.

Ms. Bernstein seeks an hourly rate of $425.00 per hour. Dkt. No. 18 ¶ 16. Although Ms. Bernstein's declaration itself does not include support for her contention that "[a]n hourly rate of $425.00 is (more than) reasonable and customary in Fairfield County, specifically Westport, Connecticut, for services of a similar nature under the facts and circumstances of this proceeding," *id.*, the Court finds that this figure is consistent with, or lower than, amounts approved in this Circuit in similar cases, *see Naxos Art, Inc. v. Zoullas*, 2017 WL 2894142, at *3 (S.D.N.Y. July 7, 2017) (finding that an hourly rate of $750 for a partner on a motion to remand was reasonable); *MB Fin. Bank, N.A. v. 56 Walker, LLC*, 2011 WL 6338808, at *3 (S.D.N.Y. Dec. 19, 2011) (finding that an hourly rate of $645 for litigation partner was reasonable for work on motion to remand); *In re AOL Time Warner S'holder Derivative Litig.*, 2010 WL 363113, at *13 (S.D.N.Y. Feb. 1, 2010) (finding that rates ranging from $300 to $850 for partners "fall within the range of those commanded by leading lawyers in the Southern District").

Ms. Bernstein asserts that she expended forty hours of time on this action from September 2023 through December 31, 2023, and an additional 2.2 hours after January 1, 2024. Dkt. No. 18 ¶¶ 11–12.  That amount of time is excessive given that removal was plainly improper in this case.  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Naxos Art*, 2017 WL 2894142, at *4 (finding that 35.3 hours spent on plainly improper removal was excessive and applying a 33% reduction to the attorneys' fees request); *Mosher v. Davita Healthcare Partners Inc.*, 2016 WL 3963131, at *2 (S.D.N.Y. July 20, 2016) (reducing hours on "straightforward" motion to remand from seventy to thirty because "district courts across this Circuit hesitate to reimburse plaintiffs' attorneys for more than about 30 hours spent on relatively uncomplicated motions to remand") (citation omitted); *MB Fin. Bank*, 2011 WL 6338808, at *4 (holding that fifty-one hours spent litigating a motion to remand where "removal was plainly improper" was excessive and applying a 40% reduction to the attorneys' fees request); *dela Rosa ex rel. dela Rosa v. 610-620 W. 141 LLC*, 2009 WL 180467, at *4 (S.D.N.Y. June 24, 2009) (awarding $2,500 in attorneys' fees on motion to remand where plaintiffs had requested $7,840 "[i]n light of the length and quality of plaintiffs' motion papers, the fact that removal was improper on the face of [defendant's] notice, and other awards of attorneys' fees issued in this District under § 1447(c)"); *cf. Axelrod v. Klein*, 2016 WL 6330433, at *3 (S.D.N.Y. Oct. 28, 2016) (holding that 21.7 total hours spent on motion to remand was reasonable); *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 273–74 (E.D.N.Y. 2014) (awarding fees for 26.4 hours on remand motion where "issues involved were not particularly complex").

Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983), "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application,'" *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Carey*, 711 F.2d at 1146).  A district court is therefore not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items."  *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).  As the Supreme Court has noted, "trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Accordingly, the Court applies a reduction of 25% to Plaintiff's attorneys' hours from September 2023 through December 31, 2023, resulting in an award of $13,685.00.

Czymmek also requests post-judgment interest, and as with the rest of the request, Fenstermaker does not object.  28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . .  Such interest shall be calculated from the date of the entry of the judgment."  28 U.S.C. § 1961(a).  The Second Circuit has explained that an award of post-judgment interest is mandatory.  *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008).  Czymmek is therefore entitled to post-judgment interest at the statutory rate.  *See, e.g.*, *Burns v. Scott*, 635 F. Supp. 3d 258, 283 (S.D.N.Y. 2022).

## CONCLUSION

Czymmek's motion for attorneys' fees is GRANTED.

The Clerk of Court is respectfully directed to prepare a judgment reflecting the Court's holding for Czymmek against Fenstermaker in the amount of $13,685.00, along with post-judgment interest at the statutory rate.

The Clerk of Court is respectfully directed to close Dkt. No. 18, and to close this case.

SO ORDERED.

Dated: March 26, 2024
      New York, New York

                                     LEWIS J. LIMAN
                                 United States District Judge